IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JASON HENDRIX | § | |
| | § | |
| V. | § | A-14-CA-702-LY |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Dept. of Criminal Justice- | § | |
| Correctional Institutions Division | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254 (Document 1); Petitioner's first Motion for Summary Judgment, which has been construed as a Memorandum in Support of his Application (Document 10); Respondent's Answer (Document 18); Petitioner's second Motion for Summary Judgment, which has been construed as a Memorandum in Support of his Application (Document 20); Petitioner's response to Respondent's Answer (Document 22); Petitioner's Advisory (Document 27); Petitioner's third Memorandum in Support (Document 30); and Petitioner's Motion to Conduct Discovery (Document 31). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus and Motion to Conduct Discovery should be denied.

## STATEMENT OF THE CASE

A.  **Petitioner's Criminal History**

According to Petitioner, the Director has custody of him pursuant to a judgment and sentence of the 427th Judicial District Court of Travis County, Texas. Petitioner pleaded guilty to burglary on September 24, 2013, and was sentenced to four years in prison. The judgment included a notation that there were $364.00 in court costs and that those costs were to be withdrawn from Petitioner's trust fund account. Petitioner challenged the judgment in a state application for habeas corpus relief. The state court denied the application without written order on December 18, 2013. Ex parte Hendrix, Appl. No. 80,241-02 at cover.

B.  **Grounds for Relief**

Petitioner argues the seizure of $364.00 from his inmate trust fund account violated the Fourth Amendment, due process, equal protection, and his civil rights.

C.  **Exhaustion of State Court Remedies**

Respondent contends Petitioner has not exhausted his state court remedies on his claims. Respondent explains Petitioner merely alleged in his state application, "There were not supposed to be any court costs associated with my plea of guilty." Respondent asserts Petitioner did not claim in state court that the imposition of court costs violated the Fourth Amendment, equal protection, and his civil rights. He argues Petitioner's claims are procedurally defaulted.

## DISCUSSION AND ANALYSIS

A.  **Claims Non-Cognizable**

Petitioner's challenge to the assessment of costs in no way implicates the fact or duration of his confinement. For this reason, it is not the proper subject of an application for writ of habeas

corpus in federal or state court.  See Heck v. Humphrey, 512 U.S. 477, 481 (1994) (explaining a habeas claim attacks the validity of the fact or length of custody); In re Daniel, 396 S.W.3d 545 (Tex. Crim. App. 2013) (construing state application for habeas corpus relief as an application for writ of mandamus because challenge to the assessment of attorney's fees did not implicate fact or duration of confinement).

**B.     Unexhausted Claims**

Alternatively, Petitioner has not exhausted all of his claims, and those claims are procedurally defaulted.  The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.  Fisher v. Texas, 169 F.3d 295, 302 (5th Cir. 1999); see also Picard v. Connor, 404 U.S. 270, 275 (1971).

As explained by the Fifth Circuit:

> A claim is fairly presented when the petitioner "asserts the claim in terms so particular as to call to mind a specific right protected by the Constitution or alleges a pattern of facts that is well within the mainstream of constitutional litigation." Kittelson v. Dretke, 426 F.3d 306, 315 (5th Cir. 2005) (per curiam) (internal quotation marks omitted). "It is not enough that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." Wilder v. Cockrell, 274 F.3d 255, 259 (5th Cir. 2001) (quoting Anderson v. Harless, 459 U.S. 4, 6 (1982)); see also Duncan v. Henry, 513 U.S. 364, 366 (1995) (per curiam) (holding that petitioner did not fairly present federal due process claim by bringing a "somewhat similar" but doctrinally distinct "miscarriage of justice" claim under the California Constitution); Gartrell v. Lynaugh, 833 F.2d 527, 529 (5th Cir. 1987) (holding that petition presenting state-law sufficiency challenge fairly presented a federal sufficiency challenge because "the federal and state standards applicable to [petitioner]'s claims are identical, not merely 'somewhat similar'"). "Rather, the petitioner must afford the state court a 'fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim.'" Bagwell v. Dretke, 372 F.3d 748, 755 (5th Cir. 2004) (quoting Anderson, 459 U.S. at 6).

Johnson v. Cain, 712 F.3d 227, 231 (5th Cir. 2013).  In his state application, Petitioner asserts:

> Part of my plea bargain and according to Leslie Boykin, Defense Atty., my plea bargain of guilty was to be without any court costs. There were not supposed to be any court costs associated with my plea of guilty. PLEASE NOTE THAT THERE ARE NO FINGERPRINT ON enclosed Judgement. RELIEF: Please suspend court costs or remove them A.S.A.P.

Ex parte Hendrix, Appl. No. 80,241-02 at 20. Clearly, Petitioner did not assert the court costs violated the Fourth Amendment, equal protection or his civil rights. Thus, these claims have not been fairly presented to the state courts.

Petitioner's unexhausted claims are now procedurally barred. A subsequent state application for habeas corpus on Petitioner's unexhausted issues would be futile as it would be dismissed pursuant to TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4 as an abuse of the writ. When a state court decision rests on a state law ground that is independent of a federal question and adequate to support the judgment, federal courts lack jurisdiction to review the merits of the case. Coleman v. Thompson, 501 U.S. 722, 729 (1991). In order for a claim of procedural default to preclude federal review of a habeas petitioner's claim, the last state court issuing a reasoned decision must have clearly and unequivocally relied upon the procedural default as an independent and adequate ground for denying relief. Harris v. Reed, 489 U.S. 255, 262 (1989). Additionally, even though a claim has not been reviewed by the state courts, this Court may find that claim to be procedurally barred. Coleman, 501 U.S. at 735. The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply to those cases where a petitioner has failed to exhaust his state court remedies and the state court to which he would be required to present his unexhausted claims would now find those claims to be procedurally barred. Id. at n.1. However, a petitioner can still obtain federal habeas review on a claim denied by the state court on the grounds of procedural default if he can show cause and actual prejudice for his procedural default or that a failure to

address the merits of the federal claim would result in a miscarriage of justice. Moore v. Roberts, 83 F.3d 699, 702 (5th Cir. 1996), citing Coleman, 501 U.S. at 750, cert. denied, 519 U.S. 1093 (1997).

Petitioner has failed to show cause and actual prejudice for his procedural default and has made no showing that a failure to address the merits of the federal claims would result in a miscarriage of justice. Therefore, Petitioner is barred from raising his unexhausted claims.

**C.     The Antiterrorism and Effective Death Penalty Act of 1996**

Moreover, Petitioner's due process claim lacks merit. The claim is analyzed under the terms of the Antiterrorism and Effective Death Penalty Act. The Supreme Court has summarized the basic principles that have grown out of the Court's many cases interpreting the 1996 Act. See Harrington v. Richter, 562 U.S. 86, 131 S. Ct. 770, 783-85 (2011). The Court noted that the starting point for any federal court in reviewing a state conviction is 28 U.S.C. § 2254, which states in part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Court noted that "[b]y its terms § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to the exceptions in §§ 2254(d)(1) and (d)(2)." Harrington, 131 S. Ct. at 784.

One of the issues Harrington resolved was "whether § 2254(d) applies when a state court's order is unaccompanied by an opinion explaining the reasons relief has been denied." Id. Following all of the Courts of Appeals' decisions on this question, Harrington concluded that the deference due a state court decision under § 2554(d) "does not require that there be an opinion from the state court explaining the state court's reasoning." Id. (citations omitted). The Court noted that it had previously concluded that "a state court need not cite nor even be aware of our cases under § 2254(d)." Id. (citing Early v. Packer, 537 U.S. 3, 8 (2002) (per curiam)). When there is no explanation with a state court decision, the habeas petitioner's burden is to show there was "no reasonable basis for the state court to deny relief." Id. And even when a state court fails to state which of the elements in a multi-part claim it found insufficient, deference is still due to that decision, because "§ 2254(d) applies when a 'claim,' not a component of one, has been adjudicated." Id.

As Harrington noted, § 2254(d) permits the granting of federal habeas relief in only three circumstances: (1) when the earlier state court's decision "was contrary to" federal law then clearly established in the holdings of the Supreme Court; (2) when the earlier decision "involved an unreasonable application of" such law; or (3) when the decision "was based on an unreasonable determination of the facts" in light of the record before the state court. Id. at 785 (citing 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412 (2000)). The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of . . . [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quotation and citation omitted).

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by . . . [the Supreme Court] on a question of law or if the state court decides a case differently than . . . [the Supreme Court] has on a set of materially indistinguishable facts.

Id. at 740-41 (quotation and citation omitted). Under the "unreasonable application" clause of § 2254(d)(1), a federal court may grant the writ "if the state court identifies the correct governing legal principle from . . . [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. at 741 (quotation and citation omitted). The provisions of § 2254(d)(2), which allow the granting of federal habeas relief when the state court made an "unreasonable determination of the facts," are limited by the terms of the next section of the statute, § 2254(e). That section states that a federal court must presume state court fact determinations to be correct, though a petitioner can rebut that presumption by clear and convincing evidence. See 28 U.S.C. § 2254(e)(1). But absent such a showing, the federal court must give deference to the state court's fact findings. Id.

To the extent Petitioner argues the imposition of court costs violates due process his claim fails. Included in the state court records are the plea papers signed by Petitioner indicating he entered his plea "freely and voluntarily, without any . . . promise or benefit other than that stated in the plea bargain agreement." Ex parte Hendrix, Appl. No. 80,241-02 at 8. Nothing in the plea papers indicate court costs would be waived. In fact, the court costs are legislatively mandated and cannot be waived. See TEX. GOV'T CODE ANN. § 102.021 (West 2013) (setting out various conviction costs). "Without the necessity of pronouncement in open court, or inclusion in the written judgment, Weir v. State, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009), and irrespective of the defendant's ability to pay, Williams v. State, 332 S.W.3d 694, 700 (Tex. App.-Amarillo 2011, pet. denied), a

person convicted of a criminal offense shall pay the statutorily mandated fees found in section 102.021 of the Texas Government Code." Wolfe v. State, 377 S.W.3d 141, 147 (Tex. App. – Amarillo, 2012, no pet.).

Petitioner relies on In re Daniel, 396 S.W.3d 545 (Tex. Crim. App. 2013), in support of his claim. He contends Daniel was ordered to pay court costs and attorney's fees nine years after his conviction. He believes the Court of Criminal Appeals found there had been no hearing on Daniel's ability to pay court costs and attorney's fees. Because Daniel was indigent, he asserts the court relieved Daniel of paying court costs and attorney's fees.

In Daniel, court costs of $295.25 were assessed in the judgment as court costs at the time of Daniel's conviction in 2002. More than nine years later, the Bexar County District Clerk issued a "Bill of Cost" assessing a cost for appointed counsel in the amount of $7,945.00. Daniel challenged the unilateral assessment of appointed attorney fees, because he had been declared indigent at the time of trial and had no material change in his financial status since that time. Daniel requested the "Bill of Cost" be deleted. The Court of Criminal Appeals conditionally granted mandamus relief and ordered the Bexar County District Clerk to delete the assessment of costs for attorney fees in the amount of $7,945.00 while leaving intact costs in the amount of $295.25, that were expressly imposed by the trial court in the judgment. Attorney fees, unlike court costs, can be waived depending on the defendant's financial resources. See TEX. CODE CRIM. PROC. art. 26.05(g) (West 2013). In Petitioner's case, he was found indigent and was not charged attorney fees. Therefore, Daniel is irrelevant to Petitioner's claim.

Having independently reviewed the entire state court record, this Court finds nothing unreasonable in the state court's application of clearly established federal law or in the state court's

determination of facts in light of the evidence. Accordingly, Petitioner's claim does not warrant federal habeas relief.

**D.     Motion to Conduct Discovery**

Petitioner insists the Court order the production of his plea and sentencing transcripts to prove the trial court judge agreed no costs would be assessed. Petitioner also requests the Court to order his court-appointed attorney to provide an affidavit to prove court costs were not ordered by the trial court. As explained above, Petitioner's claim is not cognizable in a federal application for habeas corpus relief. In addition, the court costs challenged by Petitioner are mandated by the state legislature and cannot be waived. As such, there is no need for discovery in this case, and Petitioner's Motion to Conduct Discovery should be denied.

## RECOMMENDATION

It is recommended that Petitioner's Application for Writ of Habeas Corpus and Motion to Conduct Discovery be denied.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in

Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## **OBJECTIONS**

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 5th day of March, 2015.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE